**In re Patrick Earl ODELL, Marion Rae Odell, Debtors.**

**Bankruptcy No. 382–03452.**

United States Bankruptcy Court,
D. Oregon.

Feb. 23, 1983.

David B. Cunningham, Portland, Or., for GECC.

Daniel F. Vidas, Portland, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court at the hearing on confirmation of the debtors' chapter 13 plan held on December 16, 1982. General Electric Credit Corporation ("GECC") through its attorney, Jeffrey Jacobs, contended that the agreement entered into between the debtor husband and GECC on December 27, 1979 was a lease agreement. The debtors through their attorney, Daniel F. Vidas, contended that said agreement was intended as a security interest and was thus a sale agreement. Accordingly, the debtors' proposed plan provides that GECC be treated as a secured creditor with monthly payments to be made on the vehicle in the amount of $95.00. Because the copy of the contested agreement presented at the confirmation hearing was illegible, the court requested that GECC submit a readable copy, and the hearing was adjourned.

On February 15, 1983 GECC, through its new attorney, David B. Cunningham, filed a legible copy with the court. GECC also requested that the court set an evidentiary hearing on the matter so that it could present evidence on the intent of that agreement.

The court finds that taking of additional evidence is unnecessary. The terms of the agreement itself are, in the court's opinion, dispositive of the matter. Based on the court's holding in *In re Niemi*, —— B.R. —— No. 382–01003 (Bkrtcy.D.Or. December 6, 1982), the court finds that the agreement in question is a true lease.

In the *Niemi* case, the court found that the agreements entered into between the debtors and the objecting creditor were intended as security interests. The finding was based, along with other indicia of sale, on the inclusion of a provision requiring the lessee to bear the loss or receive the gain on disposition of the vehicles at the end of the lease term, a provision suggesting that an option to purchase or right of first refusal is given to the lessee.

In the present case, only the enumerated "other indicia of sale" are present. Such indicia include the following: (1) that the lessee bear the risk of loss; (2) that the lessee provide comprehensive insurance coverage of the vehicle; and (3) that the lessee pay all official fees, taxes, licensing, registration, repairs and maintenance. Although these are among the factors to be considered in determining whether an agreement is a lease or is intended as a security interest, they are not necessarily inappropriate in a true lease and

"(t)he factor of primary importance ... is whether the lessee has acquired the risk of loss and the chance of gain on disposition of the vehicles, or, in the language of the Oregon court, whether the lessee acquires any equity in the vehicles." *In re Niemi,* supra.

The presence of the three factors listed above standing alone do not demand a finding that the agreement in question is a sale agreement. It is the acquisition of equity which distinguishes a sale agreement from a lease agreement.

In the present case, the lessee must pay at the end of the lease term (1) a disposition charge not to exceed $200.00; (2) any charges arising from his failure to keep his promises under the lease; and (3) the difference between the estimated end of term value of the vehicle, $2,000.00, and its realized value, but not to exceed the sum of three monthly payments, $420.57. If the realized value is more than the estimated value, the lessee does not share in the gain. In that event the lessee is still liable for the disposition charge not to exceed $200.00 and any charges arising from his failure to keep his promises under the lease. Thus, the lessee does not acquire and has no opportunity to acquire any equity in the vehicle. There is also no option to purchase or right of first refusal provision in the present agreement.

It therefore appears that the agreement is a true lease. The debtors' plan having treated the agreement with GECC as a security agreement rather than a lease and having failed to either assume or reject the lease, cannot be confirmed. An order will be entered herein denying confirmation and allowing the debtors 15 days within which to file an amended plan.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.