**In re Richard D. McNUTT dba Poor Richard's Computer Systems, Debtor.**

**Bankruptcy No. 383–03408.**

United States Bankruptcy Court,
D. Oregon.

Jan. 20, 1984.

John W. Weil, Portland, Or., for Ford Motor Credit Co. ("FMCC").

Magar E. Magar, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court at the hearing on confirmation of the debtor's chapter 13 plan held on December 1, 1983. Ford Motor Credit Company, through ("FMCC") its attorney, John W. Weil, contended that the agreement entered into between the parties on November 11, 1982 was a lease agreement. The debtor, through his attorney, Magar E. Magar, contended that said agreement was a sale agreement. The debtor's proposed plan provides that FMCC be treated as a secured creditor with monthly payments of $100.00 to be made to FMCC through the chapter 13 trustee. FMCC objected to confirmation of the plan on the grounds that payments owed under an unexpired lease cannot be modified. The court ruled that unless the debtor submitted a memorandum within 10 days of the hearing the court would sustain the objection and deny confirmation of the plan. On December 14, 1983, the debtor submitted a memorandum in support of its contention that the subject agreement is a sales agreement. On December 23, 1983, FMCC submitted a memorandum in support of its contention that the agreement is a true lease. In addition, FMCC objected to the debtor's untimely submission of a memorandum. On December 27, 1983, the debtor requested oral argument on the question.

The court finds that further argument on the issue is unnecessary. The agreement speaks for itself. The court views the debtor's untimeliness as inconsequential. The debtor's memorandum was submitted only a few days later and no order denying confirmation had yet been entered. Thus, the court will dispose of the question before it on its merits.

Based on the court's holding In re Niemi, 27 B.R. 215 (Bkrtcy.D.Or.1982) and In re Odell, 27 B.R. 520 (Bkrtcy.D.Or.1983), the court finds that the subject agreement is a sale agreement.

■ As the court noted in both these opinions, in determining whether a so-called "lease" is intended as a security interest rather than a true lease

"(t)he factor of primary importance . . . is whether the lessee has acquired the risk of loss and the chance of gain on disposition of the vehicles, or, in the language of the Oregon court, whether the lessee acquires any equity in the vehicles." *In re Niemi; In re Odell,* supra. "It is the acquisition of equity which distinguishes a sale agreement from a lease agreement". *Odell,* at 521.

■ The agreement in the present case states the lease end responsibility of lessee as follows:

"LEASE END RESPONSIBILITY OF LESSEE: Upon the return of each vehicle at the expiration of the term of this lease, Lessor shall promptly cause such Vehicle to be sold. If the proceeds of such sale, less all reasonable costs of sale, reconditioning and relocating of the Vehicle, are less than the Residual value (Item 13 above) for such Vehicle specified above, the lessee shall promptly remit the difference to the Lessor as additional rental. If such net sale proceeds exceed such Residual value, and Lessee is paid all sums for which the Lessee is responsible hereunder, Lessor shall pay such difference to the Lessee as a refund of rentals."

Under this provision, the vehicle must be sold at the end of the "lease" term. If the vehicle is sold for less than the guaranteed residual value of $3800, then the lessee is liable for the loss on disposition. If it is sold for more, then the lessee is entitled to the gain on disposition. Such a termination formula, which provides the lessee with the loss or gain on the disposition of the vehicle, constitutes a recognition of the equity of the lessee in the vehicle.

In the ordinary lease, the lessee is entitled to the possession and use of the property during the term of the lease and has the obligation to make the agreed rental payments. At the termination of the lease the lessee may have liability to the lessor for any breaches of the lease such as failure to make the rental payments or waste committed, but he retains no interest in the property. The property is solely that of the lessor who may dispose of the property as he sees fit. The lessor may again lease the property, use it for his own purposes, or sell it without any need to account to the lessee.

A provision in an agreement which requires a sale at the end of the term and a payment by the original owner to the other party to the agreement of the amount by which the sale proceeds exceed a stated sum, is indicative of an agreement of sale rather than a lease.

It therefore appears that the agreement is a sale agreement. Thus, FMCC's objection to confirmation of the debtor's plan must be overruled. An order will be entered herein overruling the objection and the Order Confirming Plan which was submitted by the debtor prior to the confirmation hearing will be entered.

This memorandum shall constitute findings and conclusions under Bankruptcy Rule 752.