### In re Dee Ann REDIFER dba QSS 60 Minute Photo Express, Debtor.

#### Bankruptcy No. 384–01452.

United States Bankruptcy Court, D. Oregon.

Aug. 16, 1985.

William E. Love of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for WLC.

Stephen T. Tweet, of Churchill, Leonard, Brown & Donaldson, Salem, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon Washington Leasing Corporation's (hereinafter referred to as "WLC") objection to confirmation of the debtor's proposed chapter 13 plan herein.

WLC objects to the debtor's proposed plan, primarily on the ground that the plan improperly treats WLC as a secured creditor. WLC contends that, in fact, it is a lessor of certain photographic equipment to the debtor pursuant to the terms of a written agreement. Accordingly, WLC asserts that the debtor must assume or reject the lease under 11 U.S.C. § 365, but may not modify WLC's rights.

In response, the debtor argues that the agreement, while denominated a "Lease Agreement", is actually a contract of sale and security agreement. Accordingly, the debtor argues, she may treat WLC as a secured creditor to the extent of the value of the collateral and pay the allowed secured claim over time.

At a hearing on the objection, Mr. Maurice, President of WLC, testified that the agreement in question was prepared by WLC. The agreement provided, in an addendum labeled "Exhibit 'A'", the following:

Lessee guarantees to Lessor that the net sales proceeds from the sale of the equipment at the end of the term of the Lease shall be $8,808.48. Lessor shall use its best efforts to sell the equipment within sixty (60) days of the termination of the lease. The sale may be on any terms so long as Lessor acts in good faith and in a commercially reasonable manner, but so long as Lessor so acts, it shall be conclusively presumed that the sales price is the fair market value of the equipment and that the failure to realize the guaranteed residual value is due to excessive use of the property or other cause, not anticipated when the Lease was signed, and entitling the Lessor to additional rental. Under this clause, if the net sales proceeds are less than the guaranteed residual value, Lessee agrees to pay Lessor in cash, the difference within thirty (30) days after the date of sale.

Attached to and made a part of that certain Equipment Lease Agreement dated _____, between Dee Ann Redifer dba QSS 60 Minute Photo Express as LESSEE Dee Ann Redifer dba QSS 60 ING CORPORATION LESSOR By: /s/ Carole Reis, Title: VP, Date: 1/18/83— LESSEE DeeAnn Redifer dba QSS 60 Minute Photo Exp. By: /s/ Dee Ann Redifer, Title: Owner, Date: Jan 3, 83.

In an earlier part of the agreement, at paragraph 7, WLC was given the option to sell the equipment after default and repossession. The addendum referred to above, however, is a provision regarding the disposition of the property at the end of the term of the agreement. It is not a default provision, as is paragraph 7.

At a hearing on the objection, the debtor testified that she understood the agreement gave her an option to purchase the equipment at the end of the term of the agreement for $8808.48. This figure, she testified, was 10% of the original purchase price of the equipment.

The addendum states that the lessee guarantees that the net proceeds from the sale of the equipment shall be $8808.48 and that the lessor shall use its best efforts to sell the equipment within 60 days of the termination of the agreement. The addendum does not give the lessor the option to sell the equipment. The addendum refers to "the sale" of the equipment in seven different places. Further, the addendum provides that the lessor is guaranteed that

the "net sale proceeds from the sale of the equipment ... <u>shall be $8808.48</u>." (Emphasis added.) This provision does not indicate that WLC is entitled to more than that amount. It can be read to require WLC to accept $8808.48 from the debtor as payment in full for the equipment. This fact, and the remaining language of the addendum add credence to the debtor's testimony that she understood the agreement gave her an option to purchase the equipment for $8808.48.

At best, the addendum creates an ambiguity as to whether WLC had the option to sell the equipment at the end of the term of the agreement or whether the debtor had the option to purchase the equipment for $8808.48.

It is axiomatic that ambiguities such as this are construed against the drafter of the document. See, e.g., *Meskimen v. Larry Ange II Salvage Co.,* 286 Or. 87, 592 P.2d 1014 (1979). Therefore, this court concludes that the agreement in question gives the debtor the option to purchase the equipment for $8808.48 at the end of the term of the agreement.

At the hearing on WLC's objection, the debtor presented expert testimony that, at the end of the term of the agreement, the equipment would be worth at least $16,-000.00. This testimony was not contradicted. Therefore, the debtor could acquire an equity of approximately $7200.00 in the equipment by purchasing it for $8808.48 at the end of the term of the agreement.

This court has previously held that the primary distinction between a contract of sale and a true lease is that, in a contract of sale, the debtor may acquire an equity in the property while, in a true lease, the debtor will never acquire an equity in the property. *In Re Niemi,* 27 B.R. 215 (Bkrtcy.D.Or.1983); *In Re Odell,* 27 B.R. 520 (Bkrtcy.D.Or.1983). Other factors include provisions in the agreement that require or state that:

1. The lessee insure the property;
2. The lessee pay all taxes, licensing, registration, and similar charges levied against, or required for use of, the property;
3. The lessee is responsible for all repairs and maintenance costs;
4. All warranties are disclaimed;
5. Rent payments are accelerated upon default. *Id.,* at 219.

The agreement in question contains all of these provisions.

Since the agreement, as interpreted by the court, provides for the acquisition of equity in the property, and since all the other relevant factors are present, the court concludes that the agreement in question is a contract of sale. As such, WLC's objection is not well taken and must be overruled.

An order consistent herewith will be entered. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.